**STATE of Tennessee, Appellee,**

v.

**Carlandus Andre HEARNS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 11, 1982.

Permission to Appeal Denied by Supreme Court June 14, 1982.

Walker Gwinn, Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Michael W. Hughes, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

A jury found appellant guilty of robbery and fixed his punishment at confinement for not less than five years nor more than ten years. From the judgment pronounced on that verdict he appeals with issue that the evidence is insufficient.

At the outset while there is merit in the State's motion to dismiss this appeal for tardiness in appellant filing his brief, see T.R.A.P. 29(a)(c), we are not inclined to do so. With appellant being an indigent and having filed a late brief, we will grant his motion, T.R.A.P. 21(b), and allow a late filing of his brief and consider the appeal on its merits.

Mr. Saulsbury testified that he was driving his automobile in the City of Memphis on the early morning hours of June 3, 1979, when he stopped at the intersection of Norris and Ball Road. The door to his car was opened and a man entered wielding a large knife saying something about money. Mr. Saulsbury wrestled with the man and in doing so suffered a laceration to his hand. He immediately abandoned his car, whereupon the assailant drove off in his car. A prompt complaint was made to the police.

On June 6, 1979, the appellant was stopped and arrested while driving Mr. Saulsbury's automobile. When he was searched papers of Mr. Saulsbury were found on his person. While appellant was using the telephone at police headquarters he was overheard stating, "Get the stuff from underneath the couch and get rid of it."

When the police arrived at the address where appellant had called, papers of Mr. Saulsbury were found on a table in the apartment. At the police lineup, Mr. Saulsbury identified appellant as the robber.

The appellant did not testify but called his mother who related that Mr. Saulsbury had visited with her son before the robbery date. The appellant's sister testified that she had received a call from her brother and he had told her to get the papers and call Mr. Saulsbury and tell him that he was in jail for stealing his car.

With Mr. Saulsbury's identification of appellant both at the lineup and at trial as the person who robbed and cut him, coupled with appellant's arrest while driving Mr. Saulsbury's automobile and having Mr. Saulsbury's papers on his person, the evidence is sufficient to comply with T.R.A.P. 13(e); *State v. Patton*, 593 S.W.2d 913, 916, 917 (Tenn.1979). In plain language, the jury believed Mr. Saulsbury and by their verdict accredited the theory of the State, that appellant robbed Mr. Saulsbury. Accordingly, they rejected appellant's theory that he and Mr. Saulsbury knew each other, and because of that relationship, he was enjoying the automobile and papers of Mr. Saulsbury. The evidence issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and TATUM, JJ., concur.